**[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 325.]**

LORAIN COUNTY BAR ASSOCIATION *v.* PAROBEK.

[Cite as *Lorain Cty. Bar Assn. v. Parobek*, 1998-Ohio-85.]

*Attorneys at law—Misconduct—Public reprimand—Failing to promptly pay or deliver to client as requested by client funds, securities, or other property in lawyer's possession which client is entitled to receive.*

(No. 98-829—Submitted June 10, 1998—Decided September 30, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-98.

————————————

{¶ 1} Respondent, James S. Parobek of Lorain, Ohio, Attorney Registration No. 0030742, represented Brad Cupek on a charge of driving while intoxicated and was not paid his fee. Several years later, respondent represented Brad's mother, Jane Cupek, executor of the estate of Ruth Eddy. In May 1996, Jane went to respondent's office to close the estate. Respondent, who had taken no steps to collect the fee he was owed by Brad Cupek because he believed that Brad had left town, told Jane that in the estate were three shares of Ford Motor Company stock. Respondent told her that the stock was listed in the names of the decedent and Brad Cupek and that he intended to hold the shares until Brad came to respondent's office to discuss the fee he owed in the DWI case. Jane wanted to take the shares, and respondent gave them to her. However, when he gave her a check for the estate proceeds, he deducted $550, the amount which he believed that he was owed by Brad. Respondent further said that if he was in error, he would immediately make an adjustment.

{¶ 2} Jane reported respondent's actions to the relator, Lorain County Bar Association. Relator contacted respondent about the Cupek grievance in late June 1996, and respondent replied in late August 1996 with a letter explaining the matter.

**{¶ 3}** On December 9, 1996, relator filed a complaint charging that respondent's conduct violated DR 9-102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive). Respondent filed an answer and at approximately the same time returned the $550 to Jane. The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board'), which concluded that respondent had violated the Disciplinary Rule as charged. After receiving testimony that respondent had not been charged with any other disciplinary violation in forty-five years of practice, had an outstanding reputation for integrity, honesty, and competence, and had a long and distinguished career of public service in Lorain County, the panel recommended that respondent receive a public reprimand. The board adopted the findings, conclusion, and recommendation of the panel.

———————————

*Stephen P. Bond,* for relator.

*Craig Wright,* for respondent.

———————————

***Per Curiam.***

**{¶ 4}** We adopt the findings, conclusion, and recommendation of the board. Respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————